Andrew Reichardt, Utah Bar # 11343
Attorney for James Williams
5330 South 900 East, Suite 115
Salt Lake City, UT 84117
(801) 261-3400
andrew@utdisability.com

---

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

---

| | |
|---|---|
| JAMES WILLIAMS, § § § Plaintiff § § v. § § HARTFORD LIFE AND ACCIDENT § INSURANCE COMPANY; § MEDICITY, INC.; GROUP SHORT § TERM, LONG TERM DISABILITY § PLAN FOR EMPLOYEES OF § MEDICITY, INC.; BEHAVIORAL § MEDICAL INTERVENTIONS; and § MARIANNE JACOBS, D.O. § § Defendants. § | **ERISA COMPLAINT** Civil Action No. (                ) |

---

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS AND FOR THE ENFORCEMENT OF RIGHTS UNDER ERISA**

COMES NOW, Plaintiff, JAMES WILLIAMS, and makes the following representations to the Court for the purpose of obtaining relief from Defendants' refusal to pay Long-Term Disability benefits due under an employee benefits plan, and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"), and for tortuous interference with a confidential relationship:

**JURISDICTION AND VENUE**

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. § 1337 and 29 U.S.C. § 1132(e) (ERISA § 502(e)).  Plaintiff's claims "relate to" an "employee welfare benefits plan" as defined by ERISA, 29 U.S.C. § 1001 et seq. and the subject Disability Plan constitutes a "plan under ERISA."

2. The ERISA statute, at 29 U.S.C. § 1133, as well as Department of Labor regulations, at 29 C.F.R. § 2560.503-1 provide a mechanism for administrative or internal appeal of benefits denials.  In this case, those avenues of appeal have been exhausted and this matter is now properly before this court for judicial review.

3. Venue is proper within the Central District of Utah pursuant to 29 U.S.C. § 1132(e)(2).

4. This court's jurisdiction over the state common law claim of tortious interference of a confidential relationship is invoked by pendent jurisdiction, as it closely relates to the federal ERISA claim.

**PARTIES**

5. Plaintiff, James Williams, (hereinafter "Plaintiff"), is currently and was at all relevant times, a resident of Salt Lake County, Utah.

6. Plaintiff alleges upon information and belief that Group Short Term, Long Term Disability Plan for Employees of Medicity, Inc. (hereinafter "The Plan"), is, and at all relevant times was, an "employee welfare benefit plan" as defined by ERISA.  The Plan may be served with process by serving the Plan Administrator, Medicity, Inc., 56 E. Broadway, Sixth Floor, Salt Lake City, UT 84111.

7.  Plaintiff alleges upon information and belief that Defendant Medicity, Inc. is, and at all relevant times was, the Plan Sponsor and may be served with process by serving Medicity, Inc., 56 E. Broadway, Sixth Floor, Salt Lake City, UT 84111.

8.  Plaintiff alleges upon information and belief that Hartford Life and Accident Insurance Company (hereinafter "Hartford") is an insurance company authorized to transact the business of insurance in this state.  Hartford is the underwriter for Group Policy Number GRH-220926 and may be served with process by serving Hartford Life and Accident Insurance Company, 200 Hopmeadow St., Simsbury, CT 06089.

9.  Plaintiff alleges upon information and belief that Defendant Behavioral Medical Interventions (hereinafter "BMI") contracted with Hartford and participated in material aspects of the claim determination.  BMI may be served with process by serving Behavioral Medical Interventions, 7211 Ohms Lane, Minneapolis, MN 55439.

10. Plaintiff alleges upon information and belief that Defendant Marianne Jacobs, D.O. (hereinafter "Jacobs") was employed by Defendant BMI and materially participated in the claim determination.  Jacobs may be served with process by serving her employer, Behavioral Medical Interventions, 7211 Ohms Lane, Minneapolis, MN 55439.

11. Plaintiff alleges upon information and belief that Defendant Hartford established the policies and procedures governing the payment or denial of claims, the policy for document retention and otherwise established the procedures under which the decision-makers made the decision to deny benefits that is the subject of this law suit, and was the *de facto* decision-maker in Plaintiff's claim.

## FACTS

12. The Plaintiff was employed by Medicity, Inc. in its Utah office.  By virtue of his

employment, the Plaintiff is a participant or beneficiary of the Plan, including the long term disability benefit plan.

13.     The Plan provides participants with coverage under group disability insurance policy number GRH-220926, issued by Hartford.

14.     The Plan provides benefits for an employee who, due to sickness or injury, is unable to perform the material duties of his own occupation for a 24 month period, and who is unable to perform the material duties of any occupation after 24 months.

15.     The Plaintiff ceased work due to a disability on or about June 23, 2008 while covered under the Plan and was awarded disability benefits under the Plan.

16.     On September 22, 2009, Plaintiff signed medical releases authorizing Defendant Hartford to gather "any and all" medical information.  The released expired two years after signing, but could be revoked by writing directly to Hartford.

17.     By letter dated August 19, 2010, Plaintiff was notified that his benefits were terminated effective August 19, 2010 based on a finding that Plaintiff's disability did not prevent him from performing his Own Occupation beyond August 19, 2010 and did not prevent him from performing Any Occupation beyond October 7, 2010.

18.     By letter dated September 2, 2010, Plaintiff, by and through counsel, revoked permission for Defendant Hartford to gather any information in any manner other than in writing.

19.     In accordance with the review procedures set forth in the Plan, 29 U.S.C. § 1133, and 29 C.F.R. § 2560.503-1, Plaintiff appealed the termination benefits, arguing that he continued to meet the plan definition of disability.

20.     On February 25, 2011, February 28, 2011, March 1, 2011 and March 2, 2011, Defendant Jacobs, acting on behalf of Defendants BMI and Hartford, made telephone calls to Plaintiff's treating physician, Dr. Ted Paisley.  Defendant Jacobs spoke directly to Dr. Paisley about Plaintiff's medical condition on March 4, 2011.

21.     On February 25, 2011, February 28, 2011, March 1, 2011 and March 2, 2011, Defendant Jacobs, acting on behalf of Defendants BMI and Hartford, made telephone calls to Plaintiff's treating physician, Dr. Norman Foster.  Defendant Jacobs spoke directly to Dr. Foster about Plaintiff's medical condition on March 3, 2011.

22.     On February 25, 2011, Defendant Jacobs, acting on behalf of Defendants BMI and Hartford, made a telephone call to Plaintiff's treating physician, Dr. Joel Dall.  Defendant Jacobs spoke directly to Dr. Dall about Plaintiff's medical condition on February 28, 2011.

23.     By letter dated March 30, 2011, Plaintiff's appeal was denied based on a finding that Plaintiff could perform his Own Occupation as of August 19, 2011.

24.     The Plaintiff has exhausted the required plan appeals. Hartford issued its final decision on March 30, 2011 refusing to extend disability benefits.

25.     The Plaintiff has been and continues to be disabled as defined by the provisions of the Plan.

26.     The Plan documents do not grant discretion or any purported grant of discretion is not sufficient to grant discretion to the entity that made the decision to deny benefits.

27.      The Court's standard of review is de novo under <u>Firestone Tire & Rubber Co. v. Bruch</u>, 489 U.S. 101 (1989).

28. The entity that made the decision to deny benefits would pay any benefits due out of its own funds.

29. The entity that made the decision to deny benefits was under a perpetual conflict of interest because the benefits would have been paid out of its own funds.

30. The entity that made the decision to deny benefits allowed its concern over its own funds to influence its decision-making.

**FIRST CAUSE OF ACTION**
**FOR PLAN BENEFITS AGAINST DEFENDANTS HARTFORD, MEDICITY, INC. AND THE PLAN PURSUANT TO 29 U.S.C. §§ 1132(a)(1)(B)**

Plaintiff incorporates the allegations contained in paragraphs 1 through 30 as if fully stated herein and says further that:

31. Under the terms of the Plan, Defendants Hartford, Medicity, Inc. and The Plan agreed to provide Plaintiff with long term disability benefits in the event that Plaintiff became disabled as defined by the Plan, and to continue benefits until Plaintiff's Normal Retirement Age if the Plaintiff remained disabled.

32. Plaintiff remains disabled under the terms of The Plan.

33. Defendants Hartford, Medicity, Inc. and The Plan failed to provide benefits due under the terms of The Plan, and this denial of benefits to Plaintiff constitutes a breach of The Plan.

34. The decision to terminate benefits was wrong under the terms of The Plan.

35. The decision to terminate benefits and the decision-making process were arbitrary and capricious.

36. The decision to terminate benefits was not supported by substantial evidence in the administrative record.

37.     As a direct and proximate result of the aforementioned conduct of the Defendants Hartford, Medicity, Inc. and The Plan in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled under The Plan.

38.     As a direct and proximate result of the aforementioned conduct of the Defendants Hartford, Medicity, Inc. and The Plan in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under The Plan, plus interest and other damages, for a total amount to be determined.

## SECOND CAUSE OF ACTION
## FOR PLAN BENEFITS AGAINST DEFENDANTS HARTFORD, BMI AND JACOBS FOR TORTIOUS INTERFERENCE WITH A CONFIDENTIAL RELATIONSHIP

Plaintiff incorporates the allegations contained in paragraphs 1 through 38 as if fully stated herein and says further that:

39.     On September 22, 2009, Plaintiff signed medical releases allowing Defendant Hartford full permission to gather medical information in this case.

40.     The medical release Plaintiff signed explicitly stated that authorization could be revoked by writing directly to Hartford.

41.     On September 2, 2011, Plaintiff, by and through counsel, revoked permission to gather medical information in any manner other than in writing by writing directly to Hartford.

42.     Defendant Jacobs, acting as an agent for Defendants BMI and Hartford, with full knowledge of Defendants BMI and Hartford, made direct contact with Plaintiff's treating physicians, Drs. Paisley, Dall and Foster in late February and early March 2011.

43.     Defendant Hartford relied substantially on Jacobs' unauthorized verbal

communication with Plaintiff's treating physicians in its benefit determination.

44. As a direct and proximate result of the aforementioned conduct of Defendants Hartford, BMI and Jacobs in making unauthorized communication with Plaintiff's physicians, Plaintiff has been damaged in the amount equal to the amount of benefits to which Plaintiff would have been entitled under The Plan.

45. As a direct and proximate result of the aforementioned conduct of Defendants Hartford, BMI and Jacobs in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under The Plan, plus interest and other damages, for a total amount to be determined.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, James Williams, requests that this Court grant him the following relief in this case:

1. A finding in favor of Plaintiff against all Defendants;

2. Damages in the amount equal to the disability benefits to which he was entitled through date of judgment, for unpaid benefits pursuant to 29 U.S.C. § 1132(a)(1)(B);

3. Prejudgment and postjudgment interest;

4. An Order requiring The Plan or appropriate Plan fiduciary to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan.

5. An Order requiring Defendant Medicity, Inc. to provide Plaintiff with any other employment benefits to which he would be entitled pursuant to a finding that he is disabled under the Plan;

6. Plaintiff's reasonable attorney fees and costs pursuant to 29 U.S.C. § 1132(g); and

7. Such other relief as this court deems just and proper.

Plaintiff further requests that the Court order Defendants to provide to Plaintiff with a bound copy of the administrative record consecutively paginated.

Dated this 8th day of July, 2011.

                                Respectfully Submitted,

                                ANDREW REICHARDT
                                ATTORNEY FOR PLAINTIFF

BY:      /s/ Andrew Reichardt
            Andrew Reichardt (#11343)
            The Law Office of Andrew Reichardt, PLLC
            5330 South 900 East, #115
            Salt Lake City, UT 84117
            Phone: (801) 261-3400
            Fax: (801) 261-3535
            E-mail: andrew@utdisability.com